08-5952-cr
United States v. Pepin

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1ˢᵗ day of March, two thousand ten.

PRESENT: DENNIS JACOBS,
                              **Chief Judge**,
              GUIDO CALABRESI,
                              **Senior Circuit Judge**,
              CHRISTOPHER F. DRONEY,*
                              **District Judge**.

- - - - - - - - - - - - - - - - - - - -X
United States of America,
          **Appellee**,

          -v.-                                              08-5952-cr

Humberto Pepin, also known as Homberto
Pepin Taveras, also known as Tony,
          **Defendant-Appellant**.
- - - - - - - - - - - - - - - - - - - -X

---

* Christopher F. Droney, Judge of the United States District Court for the District of Connecticut, sitting by designation.

1

**APPEARING FOR APPELLANT:** LOUIS M. FREEMAN (Zoe J. Dolan, of counsel, on the brief), Freeman Nooter & Ginsberg, New York, NY.

**APPEARING FOR APPELLEE:** PETER A NORLING (Lee J. Freedman, Walter Norkin, Carter Burwell, on the brief), Assistant United States Attorneys, of counsel, for Benton J. Campbell, United States Attorney, Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Weinstein, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Humberto Pepin appeals from a judgment of conviction and sentence entered November 14, 2008 in the United States District Court for the Eastern District of New York (Weinstein, J.). During a previous incarceration for narcotics offenses, Pepin confessed to two murders. Prosecutors brought charges and sought the death penalty. He was convicted of two counts of murder while engaged in drug trafficking in violation of 21 U.S.C. § 848(e)(1)(A) and one count of obstruction of justice in violation of 18 U.S.C. § 1512(b)(3), and sentenced principally to two terms of life imprisonment without the possibility of release and one term of ten years. We otherwise assume familiarity with the underlying facts and the case's procedural history.

Pepin raises four issues on appeal, none justifying vacatur.

[1] First, Pepin argues that his uncounseled confessions were admitted at trial in violation of his Sixth Amendment right to counsel with respect to his previous narcotics offenses. In considering this argument, "we review findings of fact for clear error and questions of law de novo," United States v. Mills, 412 F.3d 325, 328 (2d Cir. 2005); and we apply harmless error analysis, e.g. Milton v. Wainwright, 407 U.S. 371, 372 (1972). There was no error

2

because Pepin waived his Sixth Amendment right. The district court found that Pepin's July 31, 2002[1] statements were made after he was read his <u>Miranda</u> rights, verbally confirmed that he understood them, and signed the <u>Miranda</u> card. (Pepin does not take issue with these findings.) These actions were sufficient to waive Pepin's Sixth Amendment right to counsel. <u>See</u> <u>Patterson v. Illinois</u>, 487 U.S. 285, 288, 293 (1988) (defendant who was read his <u>Miranda</u> rights and signed a <u>Miranda</u> waiver, and then voluntarily answered questions, waived his Sixth Amendment right to counsel).

**[2]** Pepin next argues that the district court erred by admitting certain hearsay statements under the former testimony exception set out in Rule 804(b)(1) of the Federal Rules of Evidence. We review for abuse of discretion, <u>e.g.</u> <u>United States v. Wexler</u>, 522 F.3d 194, 201-02 (2d Cir. 2008), and apply harmless error analysis, Fed. R. Evid. 103(a). Though we recognize that the government did not attempt to locate the hearsay declarant abroad (even though he had testified previously that he intended to return to his native Dominican Republic), any error in admitting the hearsay statements (assuming there was error) was harmless. The substance of the contested hearsay statements was independently supplied by the testimony of Julia Mendez and by Pepin himself.

**[3]** Third, Pepin argues that the district court improperly instructed the jury on the elements of the obstruction charge. We review jury instructions <u>de novo</u>, applying harmless error analysis. <u>United States v. Hassan</u>, 578 F.3d 108, 128 (2d Cir. 2008) (amended opinion). There is no error. Pepin's contention that the district court should have instructed the jury to find that Pepin "knew . . . that the criminal proceeding [obstructed] was or would be federal"[2] is rebutted by statute and caselaw. <u>See</u> 18 U.S.C.

---

[1] Although Pepin mentions his July 31, 2002; October 15, 2002; and January 15, 2002 statements in his papers, he assigns error only to the admission of his July 31, 2002 statements.

[2] Insofar as Pepin also argues for the first time in his reply brief that the district court should have instructed the jury to find a nexus between Pepin's actions and a foreseeable proceeding, that argument is forfeited.

3

§ 1512(g) ("no state of mind need be proved with respect to the circumstance" that the affected proceeding or officer is federal); United States v. Diaz, 176 F.3d 52, 90-91 (2d Cir. 1999) (same).

**[4]** Finally, Pepin contends that the evidence adduced at trial was insufficient to sustain his conviction for obstruction. In reviewing a conviction for sufficiency of evidentiary support, "the trial evidence is viewed most favorably for the Government" and "all reasonable inferences a jury may have drawn favoring the Government must be credited." Wexler, 522 F.3d at 206-07. We affirm "'if any rational trier of fact could have found the essential elements of [the] crime beyond a reasonable doubt.'" Id. at 207 (emphasis omitted) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). Julia Mendez testified at trial that she said "nice" things about Pepin to court officers because he forced her to do so by threat. A reasonable inference is that Mendez's statements to the officers would have been different had she not been threatened. Mendez knew about both murders at issue in this case, and was therefore in a position to tell the officers about them. On these facts, a rational juror could easily have concluded that Pepin "knowingly . . . threaten[ed]" Mendez "with intent to . . . prevent the communication to a law enforcement officer . . . of the United States of information relating to the commission or possible commission of a Federal offense or a violation of conditions of probation[,] supervised release,[] parole, or release pending judicial proceedings[]." 18 U.S.C. § 1512(b)(3). We therefore conclude that Pepin's conviction for obstruction of justice is adequately supported by the evidence.

Finding no merit in Pepin's remaining arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

---

See, e.g., Tischmann v. ITT/Sheraton Corp., 145 F.3d 561, 568 n.4 (2d Cir. 1998).